1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENISE M. MINGRONE (SBN 135224)
dmingrone@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §§ 1201, *ET SEQ.*, AND BREACH OF CONTRACT** |
| v. | |
| LIBRARY TECHNOLOGIES, INC., a California corporation, and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT AND DEMAND FOR JURY
TRIAL

1    Plaintiff Synopsys, Inc. ("Synopsys") hereby brings this Complaint against Defendant

2  Library Technologies, Inc. ("Library Technologies") for circumventing technological measures

3  that effectively control access to Synopsys software in violation of the Digital Millennium

4  Copyright Act, 17 U.S.C. §§ 1201, et seq. (the "DMCA") and the parties' contracts.  Synopsys

5  seeks injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting,

6  and any such other relief as the Court may deem proper.  Synopsys alleges the following based on

7  personal knowledge, unless indicated as on information and belief.

8                                             **PARTIES**

9    1.    Plaintiff Synopsys is a corporation organized and existing under the laws of the

10 State of Delaware, with its principal place of business in Mountain View, California.

11   2.    Defendant Library Technologies is a corporation organized and existing under the

12 laws of the State of California, with its principal place of business in Saratoga, California.

13   3.    Plaintiff does not presently know the true names and capacities of the defendants

14 sued herein as Does 1 through 10, inclusive.  Plaintiff may seek leave of court to amend this

15 Complaint to allege said defendants' true names and capacities once it ascertains this information.

16                                **JURISDICTION AND VENUE**

17   4.    The Court has federal-question subject matter jurisdiction under 28 U.S.C. § 1331

18 because the federal courts are vested with exclusive jurisdiction in copyright cases and actions

19 arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*.  This Court has

20 subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question

21 Jurisdiction) and 1367 (Supplemental Jurisdiction).

22   5.    This Court has personal jurisdiction over Library Technologies because its

23 principal place of business lies within the State of California, and because it has conducted and

24 does conduct business within the State of California and the Northern District of California.

25   6.    Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because, on

26 information and belief, all defendants reside in the State of California and the Northern District of

27 California, and because a substantial part of the events giving rise to the dispute occurred within

28 this district.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

7.     Defendant Library Technologies also consented to personal jurisdiction in federal and state courts within the Northern District of California under its contracts with Synopsys.

## FACTUAL ALLEGATIONS

**General Background**

8.     As modern electronic devices become more and more compact and powerful, they use increasingly sophisticated computer processor chips.  When designing a computer processing chip, the stakes are enormous.  Chip designers need software that will ensure that their complex designs will work flawlessly.  Accordingly, chip designers require extremely robust and powerful computer software to design and test those chips.  Many of the world's biggest and most important chip design companies turn to Synopsys for that software.

9.     Since it was founded in 1986, Synopsys has been a leading provider of Electronic Design Automation ("EDA") solutions for the semiconductor industry.  EDA generally refers to using computers to design, verify, and simulate the performance of electronic circuits.  For more than 30 years, Synopsys' solutions have helped semiconductor manufacturers and electronics companies design, test, and manufacture microchips and electronic systems for a wide range of products.  Headquartered in Mountain View, California, Synopsys is the fifteenth largest software company in the world and currently employs over 14,000 employees worldwide.  Synopsys has developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification, manufacturing, optical, field-programmable gate array, and software quality and security solutions.

10.    Synopsys EDA software applications, including its HSPICE tool, are creative and original works subject to copyright protection under Title 17 of the United States Code.

11.    Synopsys has invested hundreds of millions of dollars and enormous amounts of time and effort into the research, development, design, and refinement of the software at issue in this case.  Such investment is necessary to maintain Synopsys' place as a leader in the competitive EDA industry, and to continue to provide leading circuit and chip manufacturers with cutting-edge design technology.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

12.     Synopsys does not sell ownership rights or copyrights or other intellectual property rights to its EDA software and associated services.  Instead, Synopsys customers purchase licenses.  These licenses grant Synopsys customers limited rights to install Synopsys EDA software and to access and use specific Synopsys software programs subject to control by Synopsys' License Key system, which is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys in order to execute the licensed software.  This key code controls the quantity and term of the licensed software in accordance with the license terms. Synopsys controls access to and use of its license key files through Synopsys' proprietary license server software, which is licensed to customers along with Synopsys' EDA applications.

13.     To protect its valuable intellectual property, Synopsys has incorporated into its software technological measures that control access to the software.  Synopsys' access controls, in the ordinary course of operation, ensure that Synopsys EDA applications cannot be used without appropriate license keys.  Synopsys is the sole source of legitimate license keys, which it provides to licensed users of its software. For example, a license key file will list the name of the customer, identify the software the customer is licensed to use, and the number of concurrent uses purchased.

14.     Each customer needs a license key file to execute Synopsys tools.  The license key file contains information that allows Synopsys' license key system to determine whether the customer is authorized to execute specific Synopsys tools.

15.     Plaintiff is informed and believes that Library Technologies is a privately held company based in Silicon Valley that was founded in 1988.  According to its website, Library Technologies' develops and markets design and analysis tools for integrated circuit design. Library Technologies' tools and products are integrated together and interface to popular chip design flows, including Synopsys tools.

**Library Technologies' End User License Agreement**

16.     On September 6, 2006, Library Technologies entered into an End User License and Maintenance Agreement with Synopsys ("EULA").  The EULA was executed by Mehmet

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

Cirit of Library Technologies and this agreement governs their use of Synopsys' intellectual property.

17.     Pursuant to the EULA, customers like Library Technologies, purchase specific licenses to Synopsys tools. Synopsys Licenses provide access to only the specific tools purchased and the specific number of license seats.

18.     Synopsys did not authorize Library Technologies to use additional quantities of Synopsys EDA software beyond the quantity of seat(s) listed in the Purchase orders.

19.     The EULA also does not permit the Licensee to "use the Licensed Product(s) to develop or enhance any product that competes with a Licensed Product(s)."

20.     Library Technologies' SolutionWare products, SolutionWare: Characterization and SolutionWare: Model and Library Generators, as well as the CCSTEST: Library Verification and Correlation products compete directly with the Synopsys SiliconSmart product, and CCSTEST also competes with Synopsys' Library Compiler product.  Library Technologies was never authorized to use its access to HSPICE to compete with Synopsys.

**Library Technologies' Unauthorized Access to Synopsys Software**

21.     In reliance on the terms of the EULA and Synopsys' belief that Library Technologies would abide by the conditions set forth in the license agreements, Synopsys provided Library Technologies with access to the licensed EDA applications and accompanying license keys from Synopsys' customer support website.

22.     Library Technologies failed to satisfy conditions precedent to its license by failing to pay for required license seats that it used and exceeded the scope of its licenses by making and/or using more copies of Synopsys Tools than permitted.

23.     Library Technologies bypassed Synopsys license key system by altering identifying information on various license server computers in order to facilitate more concurrent usage of Synopsys software than permitted under the license.

24.     Defendants knew or had reason to know that their access and use of Synopsys software was unlawful.  The fact that Defendants were using technological measures to avoid paying Synopsys license fees for additional access and use of software that Defendants

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

1  understood they otherwise would have had to pay for, put Defendants on notice that their access

2  and use of Synopsys software was unauthorized.

3  **FIRST CLAIM FOR RELIEF**

4  **(Violations of the**

5  **Digital Millennium Copyright Act, 17 U.S.C. § 1201)**

6       25.     Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1

7  through 24 above and incorporates them by reference.

8       26.     Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a

9  technological measure that effectively controls access to a work protected under this title.

10       27.     Synopsys software, including HSPICE, is subject to protection under the copyright

11  laws of the United States.

12       28.     Access to Synopsys Tools, including HSPICE, is controlled by technological

13  measures that effectively control access to Synopsys Tools.

14       29.     Rather than pay for additional licenses of Synopsys Tools, including HSPICE,

15  Defendants altered the Host IDs of its license server computers to impersonate a server authorized

16  to use Synopsys Tools, in order to circumvent Synopsys' access control license key protections,

17  thereby gaining access to more concurrent usage of Synopsys Tools than authorized.  Library

18  Technologies is authorized two license seats for HSPICE, however, Synopsys data shows that

19  Defendants are altering information in order to spoof the license server and use far more seats

20  than they are authorized.  Library Technologies has accessed HPSICE in excess of its license over

21  400,000 times.  By spoofing license servers, Defendants unlawfully gained additional access to

22  Synopsys Tools, which are copyright-protected works.

23       30.     The conduct described above has cost Synopsys lost revenue in an amount to be

24  computed at trial and constitutes violations of 17 U.S.C. § 1201.

25       31.     The conduct described above was willful and done with knowledge of

26  wrongdoing; an award of damages is necessary to dissuade Defendants and others from spoofing

27  multiple copies of Synopsys software.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

1          32.      Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby

2  demands statutory and/or actual damages in the maximum amount for each of the violations of the

3  statute.

4          33.      Synopsys is further entitled to an award of attorneys' fees and costs as provided

5  under 17 U.S.C. § 1203.

6          34.      Defendants' conduct, unless enjoined and restrained by the Court, will cause

7  irreparable harm to Synopsys, which has no adequate remedy at law.  Pursuant to 17 U.S.C. §

8  1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further

9  violations of § 1201.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

12          35.      Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1

13  through 34 above and incorporates them by reference.

14          36.      Defendant Library Technologies entered into a valid EULA for using Synopsys

15  Tools on September 6, 2006.

16          37.      The EULA only permits Library Technologies to use HSPICE within the

17  limitations of its license, which includes a limited number of license seats for concurrent usage of

18  the software.

19          38.      Library Technologies breached the terms of the EULA by spoofing its servers to

20  gain additional access to Synopsys Tools that it has not paid for nor been authorized to use.

21          39.      Synopsys has performed all of its obligations under the parties' contractual

22  agreements.

23          40.      As a result of Library Technologies' breaches, Synopsys has been damaged in an

24  amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**(Breach of Contract)**

27          41.      Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1

28  through 40 above and incorporates them by reference.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

42.     Defendant Library Technologies entered into a valid EULA for using Synopsys Tools on September 6, 2006. The EULA does not permit the Licensee to "use the Licensed Product(s) to develop or enhance any product that competes with a Licensed Product(s)."

43.     Library Technologies breached the terms of the EULA by using Synopsys software tools to develop competing products to Synopsys.

44.     Synopsys has performed all of its obligations under the parties' contractual agreements.

45.     As a result of Library Technologies' breaches, Synopsys has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Synopsys prays for judgment against Defendants as follows:

A.     Entry of judgment in favor of Synopsys against Defendants;

B.     An order awarding Synopsys statutory and/or actual damages for each instance on which Defendants circumvented measures controlling access to Synopsys' software pursuant to 17 U.S.C. § 1203;

C.     An order awarding Plaintiff Synopsys, Inc. general and specific damages;

D.     Prejudgment and post-judgment interest;

E.     An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C. § 1203;

F.     An order for an accounting of all gains, profits, cost savings and advantages realized by Defendants from their acts;

G.     An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from circumventing or aiding and abetting others to circumvent Synopsys' License Key system or other technological measures that control access to Synopsys' works in violation of 17 U.S.C. § 1201; and

H.     All such further and additional relief, in law or equity, to which Synopsys may be

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

COMPLAINT AND DEMAND FOR JURY
TRIAL

1    entitled or which the Court deems just and proper.

2

3    Dated:  October 8, 2020                    ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5

6                                              By:      /s/ Denise M. Mingrone
                                                        DENISE M. MINGRONE

7                                              Attorneys for Plaintiff, SYNOPSYS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4157-7172-3560                    - 8 -              COMPLAINT AND DEMAND FOR JURY
                                                                    TRIAL