IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBRARY TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 20-cv-07014-CRB<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

    Plaintiff Synopsis, Inc. owns and licenses electronic design automation ("EDA") software tools, which enable designers of computer processor chips to simulate semiconductor circuits. Synopsis' EDA software tools, including one dubbed HSPICE, only run with unique license key files that Synopsis issues to paying customers. Defendant Library Technologies, Inc. ("LTI") is a longtime customer of Synopsis.

    In 2020, Synopsis sued LTI in federal district court, alleging that LTI circumvented Synopsis' licensing system to use more copies of Synopsis' tools (including HSPICE) than was permitted under the parties' End User License and Maintenance Agreement ("EULA"). See Compl. (dkt. 1). Synopsis alleges that, in circumventing the licensing system, LTI violated the EULA and the Digital Millennium Copyright Act ("DMCA"). LTI now brings a factual challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Mot. (dkt. 105). LTI argues that, because the facts cannot support a DMCA claim, the case is just a contractual dispute between non-diverse parties. The Court finds oral argument unnecessary and DENIES LTI's motion to dismiss for lack of jurisdiction.

### I. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of subject matter jurisdiction.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Rule 12(b)(1) attacks on standing can be either facial, confining the court's inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint.  Id.; Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When addressing a factual attack, courts may consider evidence like declarations submitted by the parties, and the party opposing the motion to dismiss has the burden of establishing subject matter jurisdiction by a preponderance of the evidence.  See, e.g., Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

However, "where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief," the "question of jurisdiction and the merits of an action are intertwined."  Safe Air, 373 F.3d at 1039-40.  Where jurisdiction and the merits are intertwined, a court may not use Rule 12 but rather must apply the summary judgment standard under Rule 56.  See id.; see, e.g., Johnson v. Techbusiness Resources, LLC, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020).  A court may grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (citation omitted).  "Dismissal for lack of subject matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy."  Steel Co. v. Citizens for a Better Env., 523 U.S. 83, 89 (1998) (citation omitted).

## II.     DISCUSSION

Section 1201(a)(1)(A) of the DMCA provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A).  To plead a DMCA claim, Synopsis must plausibly allege (1) that its software is a "work protected under [the Copyright Act]"; (2) that its licensing system is a "technological measure that effectively controls access" to that work; and (3) that LTI "circumvent[ed]" that technological measure.  See id.  To "circumvent a technological measure" means, inter alia, "to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner."  Id. § 1201(a)(3)(A).

Synopsis sufficiently pleaded a DMCA claim.  First, Synopsis alleges that the EDA software applications "are creative and original works subject to copyright protection." Compl. ¶ 10.  Second, Synopsis alleges that it sells licenses (but not ownership rights) to its EDA software, and that its "proprietary license server software" ensures that EDA applications can only be used with "legitimate license keys" that "list the name of the customer, identify the software the customer is licensed to use, and the number of concurrent uses purchased."  Id. ¶¶ 12, 13; see Synopsys, Inc. v. InnoGrit, Corp., 2019 WL 4848387, at *7 (N.D. Cal. Oct. 1, 2019) (finding that Synopsis' license key system is a "technological measure" under the DMCA).  Third, Synopsis alleges that LTI "bypassed Synopsys' license key system by altering identifying information on various license server computers in order to facilitate more concurrent usage of Synopsys software than permitted under the license."  Id. ¶ 23.

LTI's jurisdictional arguments fail because they simply dispute the allegations in the complaint.  LTI argues that there can be no DMCA claim because (1) LTI owned outright nine copies of HSPICE; (2) the contract permitted LTI to make at least nine backup copies of HSPICE; and (3) LTI only used copies that it owned or backed up.  See Mot. at 9-13.  In short, LTI disputes the facts, arguing that LTI could not have "circumvent[ed]" the licensing system because it owned (rather than licensed) the software

3

1   and only used copies that it rightfully possessed.  See generally id.  Because jurisdiction is
2   intertwined with the merits of the sole federal claim, the Court must apply the summary
3   judgment standard.  See Safe Air, 373 F.3d at 1039-40.  This standard is not met because
4   LTI itself points to many genuinely disputed material facts.  See Fed. R. Civ. P. 56(a).

5       The Court also rejects LTI's other arguments.  The Court disagrees that Synopsis'
6   allegation as to copyright protection is conclusory or that it must be substantiated by a
7   copyright registration certificate.  See Mot. at 11-12.  And LTI's argument that Synopsis
8   should have given notice of LTI's alleged breach of the EULA to permit LTI an
9   opportunity to cure has no relevance to this Court's jurisdiction.  See Mot. at 12-13.  At
10  times, LTI seems to suggest that the existence of a remedy based on violation of the EULA
11  supersedes federal law or federal jurisdiction, see, e.g., Reply (dkt. 117) at 3-5, but this
12  contention lacks any support.

13      The Court will not express a view on the ultimate merits of Synopsis' DMCA
14  claim.  But it easily concludes that the claim is well-pleaded and that it is not "so
15  insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or
16  otherwise completely devoid of merit as to not involve a federal controversy."  See Steel
17  Co., 523 U.S. at 89.  The Court DENIES LTI's motion to dismiss for lack of jurisdiction.

18  **IT IS SO ORDERED.**

19  Dated: March 15, 2022



CHARLES R. BREYER
United States District Judge