1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    SYNOPSYS, INC.,                          Case No.  20-cv-07014-CRB

9              Plaintiff,
                                              **ORDER DENYING LEAVE TO**
10        v.                                  **AMEND**

11   LIBRARY TECHNOLOGIES, INC.,

12             Defendant.

13         In 2020, Plaintiff Synopsis, Inc. sued Defendant Library Technologies, Inc. (LTI)

14   for, inter alia, violating the Digital Millennium Copyright Act (DMCA).  Compl. (dkt. 1).

15   In the two years since, LTI has requested and been granted repeated extensions of time as

16   it has gone through multiple counsel (against whom its CEO has made extravagant

17   accusations in multiple letters sent to the Court).  After employing its current counsel, LTI

18   filed a motion to dismiss for lack of subject-matter jurisdiction, even though Synopsis

19   pleaded a claim arising under federal law.  See MTD (dkt. 105); Order Denying MTD (dkt.

20   124).  LTI now moves for leave to amend its answer and add twelve counterclaims.  See

21   Mot. for Leave (dkt. 130); see generally Counterclaims (CC) (dkt. 130-3).  Running the

22   gamut from trespass to chattels to RICO conspiracy, the counterclaims allege that Synopsis

23   engaged in a scheme of widespread fraud.[1]  Id.  Many of the counterclaims contradict

24   _____

25   [1] LTI's counterclaims are as follows:
         1)  declaratory judgment that LTI is not bound by the 2006 End User License and
26           Maintenance Agreement (EULA) (CC ¶¶ 65-70)
         2)  declaratory judgment that LTI is not bound by the Terms of the Electronic Software
27           Transfer system (EST) (CC ¶¶ 71-76)
         3)  declaratory judgment that LTI did not circumvent Synopsys' technological measures in
28           violation of the DMCA (CC ¶¶ 77-81)

United States District Court
Northern District of California

LTI's prior admissions.  Compare, e.g., Ans. (dkt. 44) ¶ 16 (admitting to entering into the 2006 EULA), with CC ¶ 69 (requesting a declaratory judgment that it is not bound by the "purported" 2006 EULA because LTI's CEO does not remember receiving a copy). Eighteen months ago, LTI raised some of the same counterclaims, only to voluntarily dismiss them.  See Notice of Voluntary Dismissal (dkt. 52).  The Court DENIES leave to amend because the amendment is unduly delayed and would prejudice Synopsis.

## I.      LEGAL STANDARD

A court should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend "is not to be granted automatically."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).  A court has discretion to deny leave to amend due to "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).  While delay alone is normally insufficient to deny a motion to amend, a contemporaneous finding of prejudice, bad faith, or futility justifies denying a motion for leave to amend.  Trans Video Elecs., Ltd. v. Sony Elecs., Inc., 278 F.R.D. 505, 507-08 (N.D. Cal. 2011).

## II.     DISCUSSION

The Court denies the motion for leave to amend because the amendment is unduly

---

4)  violation of the Computer Fraud and Abuse Act (CFAA) (CC ¶¶ 82-88)
5)  violation of the Computer Data Access & Fraud Act, Cal. Penal. Code § 502 (CC ¶¶ 89-98)
6)  breach of contract of the 2006 EULA (CC ¶¶ 99-109)
7)  violation of the Unfair Competition Law (UCL) because Synopsys' business practices are fraudulent, unlawful, or unfair (CC ¶¶ 110-23)
8)  trespass to chattels (CC ¶¶ 124-27)
9)  conversion (CC ¶¶ 128-32)
10) fraud (CC ¶¶ 133-39)
11) civil RICO (CC ¶¶ 140-54)
12) civil RICO conspiracy (CC ¶¶ 155-58).

United States District Court
Northern District of California

delayed and would prejudice Synopsis.

### A.      Undue Delay and Prejudice

LTI brings these delayed counterclaims nearly two years after the complaint was filed, even though little (if any) new evidence has come to light.  In analyzing delay, courts consider whether a moving party "knew or should have known the facts and theories raised by the amendment in the original pleading.'"  AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006).  Here, there is little doubt that LTI knew these facts and theories: it raised some of them in December 2020, only to voluntarily retract them one month later.  See Notice of Voluntary Dismissal.  Eighteen months passed with no progress in this litigation as three sets of LTI's counsel withdrew, LTI had to request extensions and delay the settlement conference each time, and (most recently) LTI moved to dismiss a federal-law claim for lack of federal jurisdiction.  See Order Denying MTD.  To be sure, it is more than appropriate for a party to request a delay after a change in counsel.  Yet after three changes in counsel and at least as many delays, rescheduled settlement conferences, and letters to the Court by LTI's CEO alleging implausible and wide-ranging conspiracies involving his prior counsel, see dkts. 71, 75, 80,[2] LTI's conduct shows a concerning pattern.  LTI argues that there can be no undue delay because the case is at its earliest stages.  Mot. at 7.  Yet the fact that the case is still at its earliest stages is demonstrative of the undue delay that has plagued this case because of LTI's conduct. Because of the unique history of this case, as well as the fact that these counterclaims took so long to be raised, the Court finds that LTI has unduly delayed its amendment.

The Court also finds that Synopsis would be substantially prejudiced by this amendment, in light of the delay and the many motions and hearings that have resulted from LTI's conduct.  Prejudice can occur even when discovery has not yet begun.  See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989); see, e.g., Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc., 2013 WL 398664, at *6 (E.D.

---

[2] LTI again claims in this motion, without evidence, that one of its prior lawyers "coerced LTI into withdrawing its [prior] counterclaims."  Mot. at 4.

United States District Court
Northern District of California

Cal. Jan. 31, 2013) (finding prejudice because two years had elapsed since plaintiff knew but chose not to allege the facts, so "requiring Defendant to respond to Plaintiff's untimely allegations would generate unnecessary expenditures by the parties and the Court"). As noted, the fact that discovery has not yet begun is illustrative of the prejudice Synopsis has already suffered. Synopsis, which has caused no delays, would be prejudiced by the sudden need to defend itself from twelve counterclaims of fraud and conspiracy. See Foster Poultry Farms, 2013 WL 398664. LTI's undue delay, combined with the prejudice to Synopsis, justifies denying leave. See Trans Video Elecs., 278 F.R.D. at 507-08.

### B. Other Factors

In addition, some of the other Rule 15 factors also support denying leave to amend. See Leadsinger, 512 F.3d at 532. It's true that LTI has not failed to cure deficiencies in previous pleadings. But the "bad faith" factor might weigh against amendment, as LTI's disavowal of its admissions of eighteen months ago and its sudden allegations of fraud and RICO conspiracy arguably at least approach bad faith. Further, because the counterclaims contradict LTI's prior admissions and are of a piece with the implausible allegations in LTI's CEO's earlier letters to this Court, the proposed counterclaims would almost certainly fail the requirements of Federal Rule of Civil Procedure 8 and 9 such that amendment would be futile.[3] See Opp. (dkt. 135) at 5-15.

## III. CONCLUSION

Because of LTI's undue delay and the prejudice to Synopsis, the Court exercises its discretion to DENY LTI leave to amend its answer and counterclaims.

**IT IS SO ORDERED.**

Dated: June 30, 2022

CHARLES R. BREYER
United States District Judge

---

[3] To take just one example, LTI's allegation that Synopsis tampered with the 2006 EULA is implausible because it is founded in significant part on the fact that the document's metadata was scrubbed—something that (pursuant to the California State Bar's guidance) happens whenever a law firm attaches a document to an email. Uriarte Decl. Ex A (dkt. 135-2).